### STURM v. PARSONS.

#### (Supreme Court, Appellate Term.     March 21, 1912.)

1. EXECUTION (§ 417*)—SUPPLEMENTARY PROCEEDINGS—EXEMPTIONS—EARN-INGS.

Under Code Civ. Proc. § 2463, which provides that the earnings of a judgment debtor for personal services rendered within 60 days next before supplementary proceedings are exempt, when it appears that they are necessary for the use of his family, supported by his labor, the judgment debtor's giving his wife a sum for expenses out of his salary and paying another sum for board is not a violation of an order forbidding him to dispose of property not exempt from execution.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1197–1200; Dec. Dig. § 417.*]

2. EXECUTION (§ 417*)—SUPPLEMENTARY PROCEEDINGS—DISOBEDIENCE OF OR-DER OR SUBPŒNA AS CONTEMPT.

A defendant cannot be adjudged in contempt of an order in supplementary proceedings forbidding him to dispose of any of his property not exempt by law from execution, though on the day of service of notice of such order he paid to his wife, out of his salary, a sum which he had borrowed from her, where the receipt of the salary and the payment were made before the actual service of the copy of the order.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1197–1200; Dec. Dig. § 417.*]

Appeal from City Court of New York, Special Term.

Action by Maurice A. Sturm against Carl C. Parsons. From an order adjudging the defendant in contempt, he appeals. Reversed.

Argued March term, 1912, before GUY, LEHMAN, and BI-JUR, JJ.

H. F. Norman (Henry L. Zinram, of counsel), for appellant.
Max L. Arnstein, for respondent.

GUY, J. Appeal by defendant from an order adjudging the defendant in contempt of court for violating an order in supplementary proceedings which forbade him to transfer or dispose of any of his property not exempt by law from execution. The proof shows that

a copy of the order was served on January 2, 1912, and that on the same day the defendant, out of the proceeds of the check which represented his salary for the two weeks preceding that date, expended $48 for the board of himself and family during the preceding two weeks, gave his wife $20 for her expenses, returned to the cash drawer $40 which he had drawn in advance on account of salary, and paid back to his wife $90 which he had borrowed from her. The court at Special Term held that the three payments, $48 for board, $20 to his. wife for expenses, and $90 returned by him to his wife, being money previously borrowed from her, were in violation of the order, and constituted a contempt.

[1] As to the board bill of $48 and $20 for his wife's expenses, I think the learned judge was in error. Section 2463 of the Code of Civil Procedure provides:

"This article does not authorize the seizure of  *  *  *  the earnings of the judgment debtor for his personal services, rendered within sixty days,. next before the institution of the special proceeding, when it is made to appear, by his oath *or otherwise* that those earnings are necessary for the use of a family, wholly or partly supported by his labor."

It appears from the nature of the payments for board and for his. wife's expenses, coupled with the uncontradicted evidence that the defendant had no other means whatever from which to furnish support for his wife and family, that the sums so expended were necessary for the support of his family and came within the provisions of the statute.

[2] The evidence is uncontradicted that the payment of $90 to his. wife for money previously borrowed was made by the defendant early in the day on which the copy of the order was served and before the service of the order, so that from no point of view could the making of said payment constitute a contempt of court or a violation of the order. The finding of the learned judge below that the defendant was in contempt in making these three payments was therefore erroneous, and the order must be reversed.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs, to be applied upon the judgment. All concur.